# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

BENJAMIN ELIAS,　　　　　§
　　　Petitioner,　　　　　　§
　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　§　　　EP-16-CV-1-PRM
　　　　　　　　　　　　　　§
LORIE DAVIS,[1]　　　　　　§
　　　Respondent.　　　　　　§

## MEMORANDUM OPINION AND
## ORDER GRANTING IN PART AND DENYING
## IN PART RESPONDENT'S MOTION TO DISMISS

On this day, the Court considered Petitioner Benjamin Elias's

"Petition for a Writ of Habeas Corpus by a Person in State Custody"

(ECF No. 1) [hereinafter "Petition"], filed on December 28, 2015;

Respondent Lorie Davis's "Motion to Dismiss with Brief in Support"

(ECF No. 22) [hereinafter "Motion"], filed on June 16, 2016; and

Petitioner's "Reply to Respondent Livingston's [sic] Motion to Dismiss

with Brief in Support and Motion to Supplement Record" (ECF No. 23)

[hereinafter "Reply"], filed on June 27, 2016, in the above-captioned

---

[1] Petitioner originally named William Stephens, the former Director of the Texas Department of Criminal Justice, Correctional Institution Division, as respondent, but on May 1, 2016, Respondent Lorie Davis succeeded Stephens as Director.  Mot. 1.  Pursuant to Federal Rule of Civil Procedure 25(d)(1), Davis was automatically substituted as Respondent.

1

cause.  Petitioner, a Texas state prisoner, challenges the Texas Board of Pardons and Paroles' ("the Board") revocation of his parole.  Respondent argues that the Petition should be dismissed because it is time-barred.  Mot. 1.  After reviewing the record, and for the reasons set forth below, the Court finds that some, but not all, of Petitioner's habeas claims are time barred.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On April 18, 2001, Petitioner was convicted of aggravated kidnapping with a deadly weapon and aggravated robbery in the 243rd Judicial District Court in El Paso, Texas, and was sentenced to twenty-three years' confinement in the Texas Department of Criminal Justice ("TDCJ").  *State v. Elias*, No.970D11232 (243rd Dist. Ct., El Paso, Cty. Tex. Apr. 18, 2001).

In December of 2010, the Board paroled Petitioner to the supervision of the TDCJ Parole Division.  Pet. 13; Mot. Ex. A, at 1–2.  While Petitioner was on parole, the Parole Division issued a pre-revocation warrant for his arrest after officers in Bexar County, Texas, arrested him for driving while intoxicated.  Pet. 14; Mot. Ex. A, at 1–2.

2

Petitioner was arrested on May 29, 2013, based on this pre-revocation warrant.  Pet. 14.

Authorities detained Petitioner at the Bexar County Adult Detention facility for over a year until the Board revoked his parole on July 9, 2014. *Id.*; Mot. Ex. A.  As a result, Petitioner spent 380 days in confinement before the adjudication of his class B misdemeanor case, which carried a maximum statutory punishment of 180 days' confinement in a county jail.  Pet. 14.

Petitioner now brings his federal habeas Petition asserting the following six claims:

(1) Petitioner was subjected to cruel and unusual punishment when, as a result of the pre-revocation warrant, Petitioner spent 380 days in confinement before the adjudication of his class B misdemeanor case, which carried a maximum statutory punishment of 180 days' confinement in a county jail;

(2) Petitioner's due process rights were violated when a parole officer introduced double hearsay statements at his parole revocation hearing;

(3) The Parole Division considered the fact that Petitioner had potential legal actions against it at his revocation hearing, in violation of the rules governing actions by the Texas Board of Pardons and Parole;

3

(4) Parole Division employees retaliated against Petitioner for exercising his right to plead not guilty to the driving-while-intoxicated offense in Bexar County by forcing him to remain in pre-trial custody until his trial.

(5) The TDCJ Classification and Records Department("CRD") violated the separation of powers doctrine by altering the final decree issued by the 243rd Judicial District Court in El Paso County to extend his maximum release date from March 4, 2020, to August 22, 2022.

(6) The TDCJ, CRD excluded 901 days from his time credits for the time between the date of his arrest on the pre-revocation warrant on May 29, 2013.

Pet. Attach. 1 Mem. of Law in Support of Fed. Writ of Habeas Corpus 1–14, Jan. 1, 2016, ECF No. 1-1 [hereinafter "Memorandum"]. The Court will refer to claims one through four as Petitioner's "parole-revocation claims" and to Petitioner's fifth and sixth claims as "time-credit claims."

For the reasons set forth below, the Court concludes that Petitioner's parole-revocation claims should be dismissed with prejudice as time barred, and Petitioners time-credit claims should not be dismissed as time-barred.

## II.   LEGAL STANDARD

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus by a state prisoner is subject to a one-year limitations period, which begins to run on one of four possible dates.  28 U.S.C. § 2244(d).  In the case of a claim predicated on a parole decision, the applicable triggering date is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See Goodwin v. Dretke*, 118 F. App'x 817, 818 (5th Cir. 2004) (citing § 2244(d)(1)(D)); *Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010).

Under certain circumstances, the one-year limitations period will be tolled.  For instance, AEDPA explicitly provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." § 2244(d)(2).

In accordance with § 2241(d)(2), the Fifth Circuit Court of Appeals has held that where a state requires that a prisoner exhaust a certain

administrative procedure prior to filing his habeas application, the time period in which the prisoner begins and exhausts said state administrative remedy or procedures tolls the limitations period as well. *See Stone*, 614 F.3d at 138–39.

The limitations period will also be equitably tolled "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000); *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) ("Only extraordinary cases justify the invocation of equitable tolling[.]") (internal quotation marks and citations omitted).  A petitioner is entitled to equitable tolling only when he meets the following two elements:  (1) "he has been pursuing his rights diligently," and (2) "'some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## III.  ANALYSIS

### A.  Parole-Revocation Claims

Although the limitations period was tolled, Petitioner's parole-revocation claims are still time-barred pursuant to § 2244(d).

6

The following is the chronology of events that transpired in state court and with the Parole Division, which is pertinent to determining whether the Petition was timely:

- July 9, 2014—Petitioner's parole is revoked. Mot. Ex. A, at 2; Pet. Ex. F.

- July 18, 2014—the Parole Division notifies Petitioner that his parole was revoked. Pet. Ex. F.

- August 1, 2014—Petitioner files a "Motion to Reopen Hearing" with the General Counsel for the Parole Division. Reply 4, Ex. A; Pet. Ex. D.

- August 29, 2014—Petitioner's Motion to Reopen Hearing is denied. *Id.*

- October 12, 2014—Petitioner allegedly files a "Time Credit Dispute Resolution" ("TCDR") form. *Compare* Reply 7, Ex. E *with* Mot. 4, Ex. A.

- May 13, 2015—Petitioner files a state application for a writ of habeas corpus. *Ex parte Elias*, WR-83, 446–01 (Tex. Crim. App. 2015).

- July 8, 2015—the Court of Criminal Appeals denies Petitioner's state habeas application without written order. *Id.*

- July 15, 2015—Petitioner is informed about the Court of Criminal Appeals' decision denying his state habeas application. Reply 5.

- July 24, 2015—Petitioner files a Motion for Reconsideration with the Court of Criminal Appeals. Mot. Ex. B.

7

- July 27, 2015—the Court of Criminal Appeals dismisses Petitioner's Motion for Reconsideration. *Id.*

- November 10, 2015—Petitioner is allegedly notified of the Court of Criminal Appeals' dismissal of his Motion for Reconsideration. Reply 6, Ex. F.

- December 28, 2015—Petitioner files his federal habeas Petition. Pet. 10.

Petitioner's parole was revoked on July 9, 2014—the date of Petitioner's revocation hearing. Mem. Ex. F. Because Petitioner asserts that the Parole Division did not notify him of his parole revocation until July 18, 2014, he could not have discovered the factual predicate for his parole revocation claims before that date. *See id.* Accordingly, absent statutory tolling, Petitioner had until July 18, 2015, to file his federal habeas petition.

Yet, Petitioner advances three main arguments as to why his Petition, filed on December 28, 2015, is timely: (1) his claims were statutorily tolled while he pursued three different state remedies; (2) because the State delayed in notifying him that it had acted on one of the state procedures for relief, the State created an impediment to him filing his Petition, and therefore, the applicable AEDPA triggering

8

date for the one-year limitations period was the date he received notification; and (3) the limitations period should be equitably tolled. The Court will address each of these arguments in turn.

1.   Statutory Tolling

Petitioner argues that the limitations period was tolled while he pursued state remedies via his (1) state habeas application; (2) Motion to Reopen Hearing; and (3) Motion for Reconsideration.

The Court finds that (1) Petitioner's state habeas application did toll the limitations period, but the Petition was still untimely, even after accounting for this tolling; (2) Petitioner's Motion to Reopen Hearing did not toll the limitations period; and (3) it is unclear whether Petitioner's Motion for Reconsideration tolled the limitations period, but even if it did, the Petition was still untimely.

a.   *State Habeas Application*

First, Petitioner's filing of his state habeas application tolled the federal limitations period for fifty-seven days because Petitioner filed it on May 13, 2015, and the Court of Criminal Appeals denied it fifty-seven days later on July 8, 2015. *Ex parte Elias*, No. 83, 446–01.

9

Consequently, Petitioner had until September 14, 2015, to file his Petition asserting these claims. *See* § 2244(d)(2). Yet, Petitioner did not file his Petition until December 28, 2015—three months past the September deadline. Thus, Petitioner's argument is without merit.

### b.     *Motion to Reopen Hearing*

Second, Petitioner also claims the limitations period was tolled from the date that he filed his Motion to Reopen Hearing with the Parole Division—August 1, 2014—until the date that that this motion was denied—August 29, 2014.

Petitioner's Motion to Reopen Hearing did not toll the limitations period because he was not required to file it before filing his state habeas application challenging his parole revocation. *See* § 508.281(b) (not requiring that an inmate file a motion to reopen hearing or engage in any other administrative procedure before filing a state habeas application challenging parole revocation); *Johnson v. Quarterman,* No. 4:08-CV-461-A, 2009 WL 1659643, at *2–3 (N.D. Tex. June 11, 2009) ("[A] parole revocation dispute must be brought to [the Court of Criminal Appeals'] attention through application for writ of habeas

10

corpus.") (citing *Bd. of Pardons and Paroles ex rel Keene v. Eighth Court of Appeals*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995)).

The Fifth Circuit has held that the limitations period is not tolled while a petitioner pursues a state remedy that is unnecessary for filing a state habeas application. *See Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009). In *Wion*, the Fifth Circuit held that the limitations period was not tolled while a Texas state prisoner requested a special review of his parole denial: "Texas courts have allowed prisoners to bring state habeas claims without having gone through special review. Because [the petitioner] *was not required* to seek special review to exhaust his state remedies, AEDPA limitations were not tolled while his special review was pending." *Id.* (emphasis added).

Petitioner attempts to distinguish *Wion* from his case on the basis that *Wion* concerned a parole denial while his case concerns a parole revocation. Reply 3–4. Petitioner asserts that "parole revocations carry with them a higher standard of care due to the nature of conditional freedom that lies in the balance." *Id.* at 4. The Court finds Petitioner's attempt to distinguish *Wion* unavailing. The reasoning of *Wion* is

11

applicable to parole revocations as well.  The Fifth Circuit's rationale for finding that the petitioner's "special review" request did not toll the limitations period was that this procedure was unnecessary for filing a state habeas application.  *Wion*, 567 F.3d at 148.  This same reasoning is applicable in the instant case; similar to a "special review," a motion to reopen hearing is not required before a petitioner can file his state habeas application challenging his parole revocation.  Other district courts have concluded likewise.  *See, e.g., Johnson*, 2009 WL 1659643, at *3 ("The court agrees with . . . other courts that have similarly concluded, that because nothing in Texas law requires a prisoner to file a motion to reopen a revocation hearing prior to filing a state application for writ of habeas corpus such a discretionary motion should not toll the limitations period of § 2254(d).  This view is consistent with the Fifth Circuit's reasoning in *Wion*.") (citing *Williams v. Director, TDCJ-CID*, No. 9:07-CV-67, 2007 WL 2408529 (E.D. Tex. Aug.21, 2007); *Selvage v. Johnson*, No. 2:00-CV-0114, 2001 WL 194748 (N.D. Tex. Feb. 23, 2001)) (all holding the same).

Hence, the limitations period was not tolled while Petitioner's Motion to Reopen Hearing was pending.

c.    *Motion for Reconsideration*

In contrast, whether Petitioner's Motion for Reconsideration tolled the limitations period is less clear.  Regardless, assuming without deciding that Petitioner's Motion for Reconsideration did toll the limitations period, the Petition is nevertheless untimely.

Texas Rule of Appellate Procedure 79.2(d) prohibits habeas petitioners from filing motions for rehearing or reconsideration following the denial of a state habeas application.  Yet, as the Fifth Circuit notes, Texas courts have nevertheless considered and ruled upon the merits of such motions.[2]  *Emerson v. Johnson*, 243 F.3d 931, 934 (5th Cir. 2002) ("[T]he Texas Court of Criminal Appeals has entertained motions for reconsideration, notwithstanding the language in . . . Rule 79.2(d).") (collecting cases).  Thus, the Fifth Circuit held that

---

[2] The Court of Criminal Appeals has adjudicated state habeas prisoners' motions for reconsideration by stating that it is reconsidering the case "on [its] own motion," when in reality the state prisoner's motion likely prompted the reconsideration.  *See Lookingbill v. Cockrell*, 293 F.3d 256, 261 (5th Cir. 2002); *see also* Mot. Ex. D (*Lookingbill* docket sheet indicating that the Court of Criminal Appeals was denying the motion for reconsideration, "on the court's own motion")

13

"AEDPA's one-year statute of limitations is tolled during the period in which a Texas habeas petitioner *has filed* . . . a motion [for rehearing or reconsideration]." *Lookingbill*, 293 F.3d at 261. "The tolling lasts only as long as the Texas courts take to resolve the motion or suggestion for reconsideration." *Id.* (internal quotation marks and citations omitted).

Respondent compellingly argues, however, that *Lookingbill* and *Emerson* are inapplicable here. Mot. 6–8. Respondent asserts that, in both *Lookingbill* and *Emerson*, the Fifth Circuit *denied* the respective petitioners' motions for reconsideration *on the court's own motion*, suggesting that the Court of Criminal Appeals may have considered and ruled upon the merits of the petitioners' motions, whereas in the instant case, the Court of Criminal Appeals *dismissed* Petitioner's Motion for Reconsideration pursuant to Rule 79.2(d), suggesting the opposite. Mot. 6 (citing *Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claims merits.")). Respondent suggests that because the Court of Criminal

14

Appeals did not consider the merits of Petitioner's Motion for rehearing on its own motion, the limitations period was not tolled. *Id.* at 6–7.

The Fifth Circuit has not squarely addressed this issue, but the Court finds that a close reading of *Emerson* and *Lookingbill* can compel either result—i.e., applying equitable tolling to cases such as the instant one where the Court of Criminal Appeals did not actually consider the merits of Petitioner's Motion for Reconsideration, or not applying equitable tolling in such cases.

Namely, the *Emerson* court, in holding that motions for reconsideration toll the limitations period, relied upon cases in which the Court of Criminal Appeals had considered the merits of the petitioners' motions for reconsideration "on its own motion." *See Emerson*, 243 F.3d at 934–35.

The *Emerson* court also stated, however, that

> since habeas petitioners . . . may be unable to predict whether the Texas courts would apply the literal language of [the rule prohibiting motions for reconsideration] or the holdings of [the Texas Court of Criminal Appeals cases considering such motions], many would bypass the possible state court consideration of their claims and move directly to federal court [if the time during which they filed their

15

motion for reconsideration did not toll the limitations period
for filing federal habeas petitions].

*Id.* at 935.

The Fifth Circuit suggests that this is an undesirable result: "Nor
should we discourage petitioners from exhausting all their claims in
state court . . . where permissible under state law, before seeking
habeas review in federal court." *Id.* (quoting *Lovasz v. Vaughn*, 134
F.3d 146, 148 (3d Cir. 1998)). This language suggests that, because a
habeas petitioner cannot be sure whether the Court of Criminal
Appeals will consider his motion for reconsideration, the time during
which this motion is pending should toll the limitations period—
regardless of the ultimate outcome, including whether the motion was
dismissed or denied—in order to encourage state prisoners to first
exhaust all of their state remedies.

Moreover, the *Emerson* and *Lookingbill* courts held that the
limitations period is tolled until the Court of Criminal Appeals *resolves*
the motion—without specifying that the Court of Criminal Appeals
must resolve the motion in a particular manner—dismissal or denial—
in order for the tolling to be applicable.

16

Ultimately, the Court finds it unnecessary to determine whether the limitations period is tolled in cases such as the instant one where a prisoner files a motion for reconsideration but where the Court of Criminal Appeals dismisses the motion; even assuming that the limitations period was tolled during the pendency of Petitioner's Motion for Reconsideration, his Petition was still untimely. His Motion for Reconsideration was filed on July 24, 2015, and was dismissed on July 27, 2015. Mot. Ex. B. Thus, the limitations period would only be tolled three days, requiring that his Petition be filed by September 17, 2015.

Petitioner asserts that the limitations period was tolled until November 10, 2015, when the Court of Criminal Appeals forwarded him notification of its dismissal. Reply 5–6. The Fifth Circuit expressly rejected this argument in *Lookingbill*. 293 F.3d at 259, 262. In that case, the Court of Criminal Appeals denied the petitioner's motion for reconsideration on a certain date, but the petitioner did not receive notice until a later date, when the denial was filed with the district court. *Id.* The petitioner in *Lookingbill* argued that the limitations period should be tolled until he received actual notice, which occurred

17

when the letter of denial was filed with the district court. *Id.* The Fifth

Circuit rejected this argument and declined to toll the statute of

limitations until the denial was filed with the district court:

> The Court of Criminal Appeals "resolve[d]" the motion as
> soon as it decided it and issued the December 16 letter.
> Filing the letter ruling with the trial court did nothing to
> advance or dispose of [the petitioner's] case; the motion for
> reconsideration did not continue to "pend" between the Court
> of Criminal Appeals' ruling and the filing of the letter . . . .
> *Federal courts interpret the federal time period as running*
> *from the event described rather than from receipt of notice*
> . . . . Circuit precedent requires us to establish a bright-line
> rule that corresponds to when the Court of Criminal Appeals
> actually disposed of the motion for reconsideration.

*Id.* at 263.

In short, even if the limitations period was tolled while

Petitioner's Motion for Reconsideration was pending before the Court of

Criminal Appeals, his parole-revocation claims are time-barred.

### 2.    State-created Impediment

Petitioner argues that the Court of Criminal Appeals' "failure to

serve Petitioner with the [c]ourt's decision on his Motion for

Reconsideration constitutes a state-created impediment under statute

which tolled the . . . AEDPA one-year limitations period[.]" Reply 6.

18

Section 2244(d)(1)(B) of AEDPA provides that the one-year limitation period will begin to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

Because Petitioner was not required to file his Motion for Reconsideration prior to filing his state habeas application, Petitioner was not prevented from filing his state habeas application in any manner, much less by the State, and § 2244(d)(1)(B) is inapplicable.

### 3.   Equitable Tolling

Petitioner also argues that the limitations period for filing all of his claims should be equitably tolled. As discussed *supra*, equitable tolling is available only "in rare and exceptional circumstances." *Patterson*, 211 F.3d at 928. Here, Petitioner has failed to demonstrate the exceptional circumstances necessary for equitable tolling to apply in his case. *See id.* Namely, Movant has not shown "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

19

circumstances stood in his way of timely filing his Petition." *See Holland*, 560 U.S. at 649.

The Court understands Petitioner to argue that his claims should be equitably tolled because (1) he was not informed of the Court of Criminal Appeals' denial of his state habeas application until July 15, 2015, and (2) he did not receive notice of the Court of Appeals' decision denying his Motion Reconsideration until November 10, 2015. Reply 5–7. The Court finds that neither of these reasons justifies equitable tolling in Petitioner's case.

First, Petitioner claims that, although the Court of Criminal Appeals denied his state habeas application on July 8, 2015, he was not informed of this denial until July 15, 2015, when the state trial court held an evidentiary hearing on his case. *Id.* at 5. The Fifth Circuit has held that in some cases, a *significant* delay in a petitioner receiving notice that the Court of Criminal Appeals has denied their state habeas application will constitute the exceptional circumstances necessary for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In *Phillips*, the petitioner, claimed he was entitled to equitable tolling because the Court of Criminal Appeals' allegedly delayed four months in notifying him that it had denied his state habeas application. *Id.* The Fifth Circuit held that this significant, four-month delay in notification might entitle petitioner to equitable tolling—subject to proof of the delayed notification. *Id.* The Fifth Circuit also determined that the limitations period would only be equitably tolled from the date that the Court of Criminal Appeals actually rendered its decision until the date that the petitioner received notice. *Id.*

Here, the Court finds that the week-long delay in notice is not significant enough to establish the exceptional circumstances necessary for equitable tolling. *See Patterson*, 211 F.3d at 928. Additionally, in *Phillips*, the Fifth Circuit held that the delayed notification might entitle petitioner to equitable tolling *because he "pursued the process with diligence and alacrity"*—filing his federal habeas petition one month after the Court of Criminal Appeals notified him that it had denied his state habeas application. 216 F.3d at 511 (emphasis added). In this case, Petitioner did not file his federal habeas Petition until five

months after he received notification that his state habeas application had been denied.  Thus, the Court finds that Petitioner did not act with due diligence in securing his rights.

Finally, if the Court were to equitably toll the limitations period because of the delayed notification, it would only do so for the seven days between the date that the Court of Criminal Appeals rendered its decision and the date Petitioner received notice.  If the limitations period was equitably tolled for these seven days, Petitioner's Petition would have been due on September 25, 2015, at the latest (assuming the limitations period was also tolled during his Motion for Reconsideration's pendency).  Petitioner did not file his federal habeas Petition until three months past this date.

Second, Petitioner argues that the limitations period should be equitably tolled during the time that he filed his Motion for Reconsideration until the date he received notification of the Court of Appeals' denial of his motion.  In support of the diligence inquiry that the Court must undertake in determining whether Petitioner's case is subject to equitable tolling, Petitioner asserts the following:

22

Shortly after the July 15 evidentiary hearing, his case was transferred to another attorney[3] and despite Petitioner contacting his new attorney's office "repeatedly," Petitioner could not confirm his new attorney's appointment to his case or the status of his Motion for Reconsideration.  Reply 5–6.  Petitioner also asserts that he was transferred from his prison facility twice and that, each time he was transferred, he sent notices of change of address to the Court of Criminal Appeals and counsel for the State.  *Id.* at 5–6.  Yet, Petitioner asserts that he did not receive notification of the Court of Criminal Appeals' decision on his Motion for Reconsideration until November, 2015.  Reply 6.

First, the Court notes that *Phillips* is inapplicable to the delay in Petitioner receiving notice of the denial of his Motion for Reconsideration—*Phillips* only applies to delays in notification regarding the status of a petitioner's *state habeas application*, not to

---

[3] Petitioner asserts that an individual by the name of "Mr. DeKoatz" "relocated to Washington D.C." and that Petitioner's "case was to be transferred to Mr. Ruben Morales's caseload."  Reply 5.  While Petitioner does not explicitly state that Mr. DeKoatz was his former attorney or that Mr. Morales was the new attorney assigned to his case, the Court makes the inference that Petitioner is referring to his attorneys.

motions for reconsideration. *See* 216 F.3d at 511. Second, Petitioner did not act diligently in pursuing his rights because, as outlined above, he did not file his federal habeas Petition until five months after he was notified that his state habeas application had been denied.

The Fifth Circuit's rationale in *Lookingbill* regarding statutory tolling is applicable in this context of equitable tolling as well. In that case, the Fifth Circuit held that the limitations period should only be tolled while the motion for reconsideration was pending and not until the petitioner received notification of the Court of Criminal Appeals' decision. The Fifth Circuited reasoned that

> [f]urther tolling would not encourage [the petitioner] diligently to exhaust state remedies; after the Court of Criminal Appeals' decision [regarding his state habeas application], he had nothing left to do in state court . . . . After filing his motion for reconsideration with the Texas Court of Criminal Appeals, he had no other possible state remedy. Rather than waiting for the court to rule on a technically forbidden motion, which the court had no obligation to consider within a particular time frame, [the petitioner] filed his federal habeas petition. No one can seriously contend that the reason for untimely filing was that he was waiting for the Court of Criminal Appeals to rule on the motion for reconsideration.

293 F.3d at 262 n.7.

24

Similarly, here, Petitioner could have filed his federal habeas Petition after receiving notice that the Court of Criminal Appeals had denied his state habeas application rather than waiting for the Court of Criminal Appeals to rule on a "technically forbidden motion." *See id.* As a result, Petitioner did not diligently pursue his rights and fails to meet the first prong necessary for equitable tolling to apply.

To summarize, neither statutory nor equitable tolling brings Petitioner's parole-revocation claims within the limitations period for filing his federal habeas Petition, and these claims are time-barred. Hence, the Court will dismiss these claims with prejudice.

## B.   Time-Credit Claims

Petitioner's fifth and sixth grounds for relief relate to the TDCJ's calculation of his time credit. Mem. 12–15; Reply 7. Petitioner argues that "the factual predicate for these grounds did not become apparent until August 8, 2014, when he received a commitment data form from TDCJ, which "reflects the readjustment of Petitioner's flat time credits." Reply 7, Ex. D. Petitioner further asserts that, since he filed his Time

25

Credit Dispute Resolution ("TCDR") form and received no response from the TDCJ, the limitations period was tolled for 180 days. *See* Reply 7.

The Fifth Circuit has held that where a Texas state prisoner disputing his time-credit calculations files a TCDR form, as required by Texas Government Code § 501.0081, the limitations period is tolled during the pendency of the TCDR until either (1) the prisoner receives a written decision or (2) where the inmate has not received a written decision, the 180th day after the date on which the inmate filed his TCDR form. *Stone*, 614 F.3d at 138–39.

Here, since Petitioner claims that he submitted his TCDR form on October 12, 2014, but never received a response from the TDCJ, the limitations period would be tolled for 180 days from this date. Consequently, Petitioner's time-credit claims would be timely because his Petition would be due on March 2, 2016, at the earliest (assuming the limitations period is only tolled for the fifty-seven days Petitioner's state habeas application was pending and the 180 days his TCDR form was pending).

Respondent does not address the substance of Petitioner's time-credit claims, arguing instead that these claims are unexhausted because Petitioner allegedly failed to file a TCDR form.  Mot. 4.  Respondent procedurally challenges these time-credit claims by providing the affidavit of Charley Valdez, Program Supervisor III for the Classification and Records Department ("CRD") of the TDCJ.  Mot. Ex. A.  Valdez avers that he reviewed the records kept by the CRD relating to Petitioner and that the TDCJ "has not received a Time Dispute Form" from Petitioner.  *Id.* at 2.

In response, Petitioner asserts that he filed a TCDR form with the TDCJ in October 2014, and provides a document, dated October 12, 2014, and titled Time Credit Dispute Resolution, which contains Petitioner's name and TDCJ inmate number.  Reply Ex. E.  Petitioner's TCDR form states that his "expiration date" is incorrectly reflected as August 22, 2022, while the correct date should be March 4, 2020.  *Id.*

Given the conflicting evidence, there is a fact issue regarding whether Petitioner submitted his TCDR form on October 12, 2014, and the Court cannot determine whether these claims are time-barred.

27

Additionally, the Court finds that an evidentiary hearing to make this determination is unnecessary because "[a] federal habeas court must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief." *United States v. Webster*, 392 F.3d 787, 801–02 (5th Cir. 2004).  Here, even if the factual dispute regarding whether Petitioner submitted a TCDR form were resolved in Petitioner's favor, it is not certain that Petitioner would be entitled to relief.  Ultimately, the Court declines to dismiss Petitioner's time-credit claims as time-barred at this juncture and will order that both Respondent and Petitioner provide the Court with additional briefing regarding the merits of Petitioner's time-credit claims.

## IV.   CONCLUSION

For the reasons stated above, the Court finds that grounds one through four of Petitioner's Petition—which all relate to his parole revocation—are dismissed with prejudice as time-barred.  The Court also finds that Petitioner and Respondent should provide further briefing regarding grounds five and six of Petitioner's Petition—which

relate to his time-credit dispute—and concludes that it should deny Respondent's motion to dismiss these claims as time-barred.

Accordingly, **IT IS ORDERED** that Respondent Lorie Davis's "Motion to Dismiss with Brief in Support" (ECF No. 22) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Respondent Lorie Davis **FILE A RESPONSE** to Petitioner's Petition (ECF No. 1) that addresses the merits of Petitioner's time-credit claims by no later than **September 2, 2016**.

**IT IS FURTHER ORDERED** that Petitioner Benjamin Elias **FILE A REPLY** to Respondent's Response by no later than **September 19, 2016**.

SIGNED this ___10___ day of **August, 2016**.

_____

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE