IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BENJAMIN ELIAS,<br>    Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | |
| LORIE DAVIS, Director,<br>Texas Department of<br>Criminal Justice,<br>Correctional Institutions<br>Division,[1]<br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§ | EP-16-CV-1-PRM |

## MEMORANDUM OPINION
## AND ORDER DISMISSING CAUSE

On this day, the Court considered Petitioner Benjamin Elias's "Petition for a Writ of Habeas Corpus by a Person in State Custody" (ECF No. 1) [hereinafter "Petition"], filed on December 28, 2015; Respondent Lorie Davis's "Supplemental Response with Brief in Support" (ECF No. 31) [hereinafter "Supplemental Response"], filed on August 24, 2016; and Petitioner's "Supplemental Reply with Brief in

---

[1] Petitioner originally named William Stephens, the former Director of the Texas Department of Criminal Justice, Correctional Institution Division, as respondent, but on May 1, 2016, Respondent Lorie Davis succeeded Stephens as Director. Mot. 1. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Davis was automatically substituted as Respondent.

1

Support" (ECF No. 35) [hereinafter "Supplemental Reply"], filed on September 19, 2016, in the above-captioned cause. Petitioner, a Texas state prisoner, challenges the amount of "street-time" credited to his sentences.[2] For the reasons set forth below, the Court is of the opinion that the Petition should be dismissed with prejudice.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On April 18, 2001, Petitioner was convicted of aggravated kidnapping with a deadly weapon and aggravated robbery in the 243rd Judicial District Court in El Paso, Texas. He was subsequently sentenced to twenty-three years' confinement in the Texas Department of Criminal Justice ("TDCJ"). *State v. Elias*, No.970D11232 (243rd Dist. Ct., El Paso, Cty. Tex. Apr. 18, 2001).

On December 9, 2010, the Texas Board of Pardons and Paroles ("the Board") paroled Petitioner to the supervision of the TDCJ Parole Division. Pet. 13; Suppl. Resp. Ex. A, at 2. While Petitioner was on

---

[2] "Under Texas law, a person who serves a month in prison has that month of 'calendar time' credited toward his sentence. A person who serves a month on parole may likewise earn a month of '[s]treet-time credit,' a form of calendar time which also counts toward a sentence." *See Rhodes v. Thaler*, 713 F.3d 264, 265 (5th Cir. 2013) (alteration in original).

2

parole, the Parole Division issued a pre-revocation warrant for his arrest after Bexar County officers arrested him for driving while intoxicated. Pet. 14; Suppl. Resp. Ex. A, at 2. Petitioner was arrested on May 29, 2013, based on this pre-revocation warrant. Pet. 14; Suppl. Resp. Ex. A, at 2. The Board thereafter revoked Petitioner's parole on July 9, 2014. Suppl. Resp. Ex. A, at 2. As a result, Petitioner forfeited two years, five months and twenty days of street-time credit for the days he was on parole until the date of his pre-revocation arrest. *Id.* A little over a year after his parole was revoked, Petitioner filed a state application for writ of habeas corpus, which the Texas Court of Criminal Appeals denied. *See Ex parte Elias*, WR-83, 446–01 (Tex. Crim. App. 2015).

Petitioner subsequently sought habeas relief on the same six grounds that he asserted in his state habeas application. Pet. Attach. 1 Mem. of Law in Support of Fed. Writ of Habeas Corpus 1–14, Jan. 1, 2016, ECF No. 1-1. Four of the grounds related to the revocation of his parole and two related to the loss of street-time credit ("time-credit claims"). *See id.* The Court dismissed Petitioner's first four claims as

3

time-barred but found that Petitioner's time-credit claims were not time barred. Mem. Op. & Order Granting in Part and Den. in Part Resp't's Mot. Dismiss 28–29, Aug. 10, 2016, ECF No. 28. Therefore, the Court ordered further briefing on the merits of Petitioner's time-credit claims from both Petitioner and Respondent. *Id.* After reviewing the supplemental briefing, the Court concludes that Petitioner is not entitled to habeas relief on his time-credit claims and that he should be denied a certificate of appealability.

## II.   LEGAL STANDARD

"The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Thus, relief is not available unless a petitioner shows that he was deprived of some right secured by the Constitution or laws of the United States. *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness."); *Orellana v. Kyle*,

65 F.3d 29, 31 (5th Cir. 1995) ("[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.") (quoting *Hilliard v. Bd. of Pardons & Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985)). Moreover, a recognized liberty or property interest must be at stake before a Constitutional due process claim is cognizable. *Bd. of Regents v. Roth*, 408 U.S. 564, 569–70 (1972).

Additionally, if a state court has previously adjudicated the claims for which a petitioner seeks federal habeas relief, a federal court may grant relief only if "the state court's adjudication of the merits was 'contrary to, or involved an unreasonable application of, clearly established law,'" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Berghuis v. Thompkins*, 560 U.S. 370, 378 (2010) (quoting § 2254(d)(1)); *See also* § 2254(d)(2).

## III. ANALYSIS

The Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." *See Ky. Dept. of Corrs v. Thompson*, 490 U.S. 454, 460 (1989). However, "[t]he types of interests that constitute 'liberty' and 'property' for Fourteenth Amendment purposes are not unlimited . . . . an individual claiming a protected interest must have a legitimate claim of entitlement to it." *Id.* One source of constitutionally protected liberty interests is the laws of the states. *Id.* Hence, whether Petitioner has a liberty interest turns on Texas state law. *See Rhodes*, 713 F.3d at 266. Specifically, the Court turns to the Texas parole statute in effect when Petitioner's parole was revoked in 2014, which provides:

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed *without credit for the time from the date of the person's release to the date of revocation.*

Tex. Gov't Code § 508.283(b) (emphasis added); *see Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App.—2009). Section 508.149(a) provides that

6

> [a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of . . . a first degree felony or second degree felony under Section 20.04, Penal Code [including aggravated kidnapping]; . . . . a first degree felony under Section 29.03, Penal Code [including aggravated robbery] . . . .

Tex. Gov't Code § 508.149(a)(4)(11).

Accordingly, "§ 508.283 excludes from street-time credit those persons described in § 508.149(a)," and § 508.149(a) encompasses individuals such as Petitioner who have been convicted of aggravated kidnapping and aggravated robbery. *See Rhodes*, 713 F.3d at 267; Suppl. Resp. Ex. A. Thus, Petitioner cannot establish a violation of his Constitutional rights because, "as a person described by § 508.149(a), he is not entitled to street-time credit." *See Rhodes*, 713 F.3d at 267.

Consequently, Petitioner cannot demonstrate that the state court's decision denying Petitioner's identical state habeas claims resulted in a decision that was contrary to or involved an unreasonable application of, clearly established federal law. Moreover, Petitioner has not alleged that the state court's decision on his state habeas claims resulted in a decision that was based on an unreasonable determination

7

of the facts in light of the evidence presented in the state court proceeding.

Nevertheless, Petitioner maintains that he is entitled to relief because the "Separation of Powers clause has been violated." Suppl. Reply 2. Specifically, Petitioner asserts that the TDCJ, as an extension of the Executive Branch, altered the final judgment of the state court, which sentenced him to twenty-three years confinement. *Id.* at 2–3. The Court disagrees and finds that Petitioner's claims are without merit. Petitioner's assertion that the TDCJ altered the state court's judgment is incorrect: the TDCJ did not increase or extend the time for which Petitioner was to be incarcerated—it merely determined that Petitioner was not entitled to street-time credit for the days that he was on parole.

Therefore, the Court determines that Petitioner is not entitled to habeas relief on his two time-credit claims.

## IV. EVIDENTIARY HEARING

A court will hold an evidentiary hearing on a § 2254 petition only when the petitioner shows either (1) the claim relies on a new,

retroactive rule of constitutional law that was previously unavailable or (2) a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. § 2254(d)(2)(A)–(B). Petitioner does not assert that either prerequisite for a hearing exists in his case. The record is adequate to dispose fully and fairly of Petitioner's claim. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## V. CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." § 2253(c)(1)(B). Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted. *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, regarding the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted). In other words, a certificate of

appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[3]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th

---

[3] *See* 28 U.S.C. § 2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *see also Lackey*, 116 F.3d at 151 (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *but see United States v. Kimler*, 150 F.3d 429, 431 n.1 (5th Cir. 1998) ("We have decided, however, that the monolithic nature of [Federal Rule of Appellate Procedure] Rule 22(b) in conjunction with Congress's mandate for issue specificity on collateral review embodied in 28 U.S.C. § 2253(c)(3) requires a more express request. In order to obtain appellate review of the issues the district court refused to certify, the petitioner must first make the threshold substantial showing of the denial of a constitutional right. *See* 28 U.S.C. 2253(c)(2). Only after clearing this hurdle may the petitioner proceed to brief and we review the merits of the rejected issues.").

Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner is not entitled to a certificate of appealability because reasonable jurists would not find debatable the Court's conclusions that he has not made a substantial showing of the denial of a constitutional right. Therefore, the Court finds that it should deny Petitioner a certificate of appealability.

## VI.   CONCLUSION AND ORDERS

The Court concludes that Petitioner is not entitled to habeas relief. The Court further concludes that Petitioner is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

11

IT IS ORDERED that Petitioner Benjamin Elias's "Petition for a Writ of Habeas Corpus by a Person in State Custody" (ECF No. 1) is DENIED, and his cause is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Petitioner is DENIED a certificate of appealability.

IT IS ALSO ORDERED that all pending motions are DENIED AS MOOT.

IT IS FINALLY ORDERED that the Clerk shall CLOSE this case.

SIGNED this ___2___ day of **February, 2017**.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE